IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ICE CREAMS AND COFFEE BEANS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HAROLD LEVINSON ASSOCIATES, INC., <br><br> Defendants. | CIVIL ACTION NO. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Ice Creams and Coffee Beans, Inc. (hereinafter "Plaintiff") alleges as follows:

### Summary

By this Complaint, Plaintiff seeks to prevent customer confusion and to curtail the intentional dilution and infringement of its registered trademark by a direct competitor, Harold Levinson Associates, Inc. (hereinafter "Defendant"). Despite Plaintiff's federally-registered trademark in "Island Coffee," Defendant currently sells competing coffee products over the Internet at the website www.islandcoffee.net. Defendant was notified by letter in May, 2005 that it was infringing upon a registered trademark. Defendant nevertheless has continued using Plaintiff's mark to compete in the same on-line coffee market, resulting in customer confusion, lost sales for Plaintiff, and dilution of the trademark Plaintiff has vigorously protected and promoted over the past five years.

**Parties**

1.  Plaintiff is a South Carolina corporation having its principal place of business in Charleston, South Carolina.

2.  Upon information and belief, Defendant is a New York corporation with a principal place of business in Farmington, New York.

**Jurisdiction and Venue**

3.  This is a Complaint for Trademark Infringement, Trademark Dilution, and Unfair Competition arising out of §§ 32 and 43 of the Lanham Act, 15 U.S.C. § 1114(1) (Trademark Infringement), 15 U.S.C. § 1125(c) (Trademark Dilution), and 15 U.S.C. § 1125(a) (Unfair Competition).

4.  This Court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the opportunity to conduct commercial activities in the State of South Carolina, and this Complaint arises out of those activities. Defendant's maintenance of the website [www.islandcoffee.net](www.islandcoffee.net) actively and continuously solicits commercial interaction with South Carolina residents.

6.  Defendant's website, itself infringing upon Plaintiff's registered trademark, actively displays, advertises, disseminates, and promotes the infringing Island Coffee mark. The publication and dissemination of the infringing mark is causing ongoing injury to Plaintiff.

7.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred, and continue to occur, in this District.

## **STAGEMENT OF FACTS**

8.      Island Coffee was founded as a division of Plaintiff in 1984 for the purpose of providing its customers with the highest quality coffees. All coffees are freshly microroasted to order and shipped within 24 hours of roasting. Plaintiff ships Island Coffee orders throughout the continental United States.

9.      Plaintiff filed its application for a trademark for "Island Coffee" with the United States Patent and Trademark Office ("USPTO") on October 20, 1995. Attached hereto as Exhibit "A" is a true and correct copy of a printout dated December 27, 2005 from the USPTO website detailing Plaintiff's registered "Island Coffee" trademark.

10.     Plaintiff's mark, first published for opposition on February 1, 2000, was registered on April 25, 2000 (see Exhibit "A").

11.     Plaintiff's use in commerce of the mark "Island Coffee" has been uninterrupted.

12.     Defendant is one the nation's largest convenience store distributors. While it sells the same coffee products through the same media as Plaintiff, Plaintiff offers premium coffee; Defendant's infringing Island Coffee products, which Defendant's describes and advertises as "gourmet," do not employ many of the processes or the skill necessary to produce and deliver coffees of the quality, taste, and freshness of Plaintiff's Island Coffee. For example, for all its decaffeinated offerings, Plaintiff sells Swiss Water Decaf, which uses the only non-chemical decaffeination process in the world.

13.     Like many commercial businesses, a substantial portion of Plaintiff's and, upon information and belief, Defendant's incomes are generated through on-line transactions. In 2004, the Internet accounted for approximately 21% of Plaintiff's total sales and 58% of Plaintiff's total accounts.

14. Defendant's infringing website, www.islandcoffee.net, offers visitors to the site the ability to place orders via facsimile 24 hours a day. The infringing website lists a toll-free telephone number (1 (800) 325-2512) specifically for customers "**[o]utside NY**." In addition, the website offers custom blends based upon "**regional preferences**." Attached hereto as Exhibits "B" and "C" are true and correct copies of printouts from January 3, 2006 from Defendant's www.islandcoffee.net website offering custom coffee blends to suit regional preferences and listing a toll-free telephone number for out-of-state customers.

15. In or about May, 2005, Plaintiff learned from a customer, who had visited Defendant's website while attempting to place an on-line order for Plaintiff's coffee products, that Defendant was utilizing Plaintiff's registered trademark to sell competing goods and that the infringing products were being offered for sale at the infringing domain name "islandcoffee.net."

16. Plaintiff's counsel, Raymond F. Kramer, Esq., promptly sent a cease and desist letter, dated May 16, 2005, to Defendant, informing it of Plaintiff's registered "Island Coffee" trademark. Attached hereto as Exhibit "D" is a true and correct copy of Mr. Kramer's May 16, 2005 letter to Defendant.

17. Shortly after the letter was sent, an individual who identified himself as Robert Gold, upon information and belief an attorney and/or agent of Defendant, telephoned Mr. Kramer to inform him that Defendant had no intention of ceasing its infringing activity. Mr. Gold conceded that "Island Coffee" was a registered mark of Plaintiff, but warned it would not be in Plaintiff's interest to sue Defendant, which he reminded Mr. Kramer was a very large company.

18. To date, Defendant, armed with both actual and constructive knowledge of its infringing activity, has continued to profit from and damage Plaintiff by its use of Plaintiff's registered "Island Coffee" trademark.

## COUNT I

### TRADEMARK INFRINGEMENT UNDER LANHAM ACT § 32

19. The allegations in paragraphs 1-18 of this Complaint are realleged as if fully set forth herein.

20. Defendant's use of Plaintiff's registered "Island Coffee" trademark to promote, market, and sell gourmet coffees in direct competition with Plaintiff constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

21. Defendant's infringement is demonstrably intentional and willful, and it has caused and is continuing to cause Plaintiff irreparable harm for which there is no adequate remedy at law.

## COUNT II

### TRADEMARK DILUTION UNDER LANHAM ACT § 43

22. The allegations in paragraphs 1-21 of this Complaint are realleged as if fully set forth herein.

23. Defendant's use of Plaintiff's "Island Coffee" mark to promote, market, and sell coffee products constitutes willful Trademark Dilution pursuant to 15 U.S.C. § 1125(c).

24. Defendant's intentional and willful dilution of Plaintiff's registered "Island Coffee" trademark has caused and will continue to cause damage to Plaintiff and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

## COUNT III

## UNFAIR COMPETITION UNDER LANHAM ACT § 43

25. The allegations in paragraphs 1-24 of this Complaint are realleged as if fully set forth herein.

26. Defendant's use of Plaintiff's trademark "Island Coffee" to promote, market, and sell in direct competition with Plaintiff constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a). Defendant's use of Plaintiff's registered trademark is likely to cause, and in fact has already caused, confusion, mistake, and deception among consumers.

27. Defendant's unfair competition has caused and will continue to cause damage to Plaintiff and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff Ice Creams and Coffee Beans, Inc. prays for judgment against Defendant Harold Levinson Associates, Inc., and for relief as follows:

A. Issue a preliminary and permanent injunction, enjoining and prohibiting Defendant or its agents, servants, employees, officers, attorneys, successors, and assigns, from:

   1. Using the "Island Coffee" trademark, or any version thereof, specifically including www.islandcoffee.net or any other similarly infringing domain name, in

      connection with the description, marketing, promotion, advertising, or sale of any coffee products or other food-related service;

      2.      Infringing upon Plaintiff's trademark; and

      3.      Diluting Plaintiff's trademark; and

B.      Order an award of damages in an amount to be determined at trial; and

C.      Order an award of treble damages as provided by 15 U.S.C. § 35; and

D.      Order an award of attorneys' fees and costs as provided by 15 U.S.C. § 35; and

E.      Order any other or further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues in this case.

Dated this 20th day of January 2006.

      HAYNSWORTH SINKLER BOYD, P.A.

      By: S/JOHN H. TILLER
          John H. Tiller
          SC Bar No. 10174
          134 Meeting Street, 3rd Floor
          Columbia, South Carolina  29402
          (843) 722-3366

          Attorneys for Plaintiff